# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| ANITA S. LAWSON, | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:05cv00026 |
| | ) | |
| | ) | **OPINION** |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | By:   PAMELA MEADE SARGENT |
|     Defendant | ) | United States Magistrate Judge |

In this social security action, I am asked to rule on a motion for an attorney's fee, (Docket Item No. 18) ("the Motion"). Based on the reasoning set out below, the Motion will be granted.

Anita S. Lawson filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying her claim for a period of disability and disability insurance benefits, ("DIB"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. § 423. (West 2003 & Supp. 2007). Jurisdiction of this court exists pursuant to 42 U.S.C. § 405(g). The Commissioner answered the suit, filing the administrative record. Thereafter, the court, by order entered November 21, 2005, vacated the Commissioner's decision denying benefits and remanded the case to the Commissioner for further development. (Docket Item No. 17.) By Notice of Award Letter, dated October 1, 2007, the Social Security Administration informed Lawson that it was awarding her benefits. Counsel for Lawson has filed a petition

-1-

seeking approval of a fee of $ 4,150.00 for representing Lawson in this court. The Commissioner has not objected to the fee request.

In proceedings under title II of the Act, the court is authorized to determine and allow a "reasonable [attorney's] fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C.A. § 406(b)(1)(A) (West 2003 & Supp. 2007). The Fourth Circuit, construing the legislative history, has held that the 25 percent limit includes any separate fee authorized by the Commissioner for services rendered in the administrative proceedings. *See Morris v. Soc. Sec. Admin.,* 689 F.2d 495, 497 (4th Cir. 1982) (per curiam).

The Supreme Court has held that a district court, in determining a fee under § 406(b)(1)(A), must consider the fee arrangement between the client and the attorney, including a contingency fee arrangement, as the first step in testing the requested fee for reasonableness. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 808 (2002). In this case, Lawson's counsel has not provided the court with a fee agreement. Lawson's counsel has provided the court with a copy of the Social Security Administration's October 1, 2007, Notice Of Award Letter, which states that it has awarded past-due benefits in the amount of $ 39,234.00 to Lawson. Although the Notice of Award Letter states that the Social Security Administration withheld $15,756.50 for the payment of an attorney's fee, the court notes that this exceeds 25 percent of Lawson's past-due benefits, which would be $ 9,808.50.

Also, in determining a reasonable fee, courts should consider whether counsel's actions contributed to a delay allowing an accumulation of past due benefits or

whether the benefits awarded are large in comparison to the amount of time expended by the attorney. *See Gisbrecht*, 535 U.S. at 808. Furthermore, it appears proper for the court to consider the so-called "lodestar" method of fee determination, whereby a reasonable fee is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate, to assess the reasonableness of the agreed fee. *See Gisbrecht*, 535 U.S. at 801-02 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) ("[t]he most useful starting point for [court determination of] the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate"); *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). Also, the fee petitioner bears the burden of justifying a requested fee. *See Blum v. Stenson,* 465 U.S. 886, 896 n.11 (1984).

In the present case, Lawson's counsel has supplied evidence that shows that counsel spent a total of 22.75 hours in representing Lawson in this court.[1] The time expended appears reasonable. Also, the Motion requests a total fee of $ 4,150.00, which, if paid for 22.75 hours of work, would result in a payment of approximately $ 182.42 per hour. I further find that there is no evidence that counsel in any way contributed to a delay in the award of benefits; nor do I find that the benefits awarded were great in comparison to the hours expended by counsel. Finally, the court notes that the total of the $ 4,150.00 being awarded for services rendered before this court and the $ 5,300.00 fee already awarded by the Social Security Administration for services rendered before it does not exceed 25 percent of Lawson's past due benefits. Thus, taking into account all of the relevant factors, I find that a fee of $ 4,150.00 is

---

[1] Counsel has submitted a sworn, itemized statement of the time expended before this court in representing Lawson.

reasonable.

For the foregoing reasons, the Motion will be granted and a judgment will be entered awarding the plaintiff's attorney a fee of $ 4,150.00.

DATED: April 23, 2008.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE